SAVOY, Judge.
This is an action in tort. Plaintiff was injured on August 29, 1970, when a car in which he was riding was stopped for a red light and was struck from the rear by a vehicle driven by the insured of defendant. As a result of the injury, plaintiff complained of low back pain.
Plaintiff was first seen by Dr. Wilson Morris, a general practitioner, who found spasm at D-4, L-5 and S-l level. Plaintiff was treated by Dr. Morris from September 8, 1970, until March 21, 1971, with heat treatments and medication.
Dr. Norman P. Morin saw plaintiff on November 9, 1970. Dr. Morin diagnosed the injury as a lumbar myofascial strain. The doctor saw plaintiff a second time on February 26, 1971. Again mild spasm was noted. Dr. Morin last saw plaintiff on September 28, 1971, and found he had completely recovered from the accident.
Dr. Steve Price, a general practitioner, saw the plaintiff in the emergency room of St. Patrick’s Hospital on the morning of the accident, and also at his office on the next day. His examination revealed pain in his anterior chest and lower back with muscle spasm of the lumbar area. Dr. Price did not see plaintiff after that day.
After a trial on the merits, the district judge awarded $3,000.00 in general damages, and $599.91 in special damages.
Plaintiff has appealed from the refusal of the district judge to allow him anything for loss of wages. Defendant has not appealed, nor has it answered the appeal. Therefore, the only matter for determination is that of loss of wages.
Prior to the accident, plaintiff was the operator of a taxicab. He had an arrangement with Big Dad Taxicab company, whose dispatcher would receive calls from persons desiring a cab and would dispatch plaintiff and other cab drivers to pick up persons desiring cabs. Plaintiff paid Big Dad Taxicab company rental for the privilege of using the cab stand and the dispatch service.
In his petition plaintiff alleged $500.00 loss of earnings due to residual disability. In his refusal to allow plaintiff’s claim for loss of wages, the district judge stated in his reasons for judgment:
“The testimony concerning the loss of wages by the plaintiff was vague and contradictory. He testified at the trial that he had lost three months from his duties as a taxi driver at the rate of $100.00 a week. The history given by Dr. Norman Morin stated that he had gone back to driving a taxi on November 5, 1970. The discovery deposition revealed that he had not lost any time from his duties as a taxi driver. The owner of the cab company testified that he lost approximately three months of time, however, no records were revealed that would substantiate this and she was only able to give an approximation as to the amount of his earnings. As we analyze the loss of earnings testimony we must conclude that he has failed to prove loss of earnings by the reasonable certainty that is required by law. Under these circumstances loss of earnings will be disallowed. * *
Counsel for plaintiff filed a motion for a new trial citing as his authority the case of Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971). He contended that his client should be allowed a sum for loss of earnings. After argu *808 ment on the motion, the district judge stated:
“The Jordan case, Jordan v. Travelers Insurance, [257 La. 995,] 245 So.2d 151, concerned itself with the proof of loss of wages by the testimony of the plaintiff without the introduction of any specific records and held that the loss of wages could be awarded on the testimony of the plaintiff if accepted as truthful. The Court in that particular case felt that the plaintiff had proven his claim by a preponderance of the evidence. In this case I held otherwise in that I concluded after looking at the deposition, listening to the testimony of the plaintiff, and the owner of the taxicab, Big Dad Taxicab, that the plaintiff hadn’t met the test of the Jordan case proving his loss of wages by a preponderance of the evidence. One of the principal reasons was that, as stated by Mr. Hebert, counsel of the defendant, on page 22 of the deposition, he was asked a clear question, have you ever had to miss any work as result of this accident, and he elaborated somewhat when he said, no, sir, I have worked regular, almost every day since the wreck. ‘Well, did you ever miss any work as result of this accident? Yes. Was that right at first, immediately after the accident? Well, it’s been since that time. Do you know how much you missed? No, sir, I never kept up with it. Is that because of the way you work it would be hard to do ? From the way I’m working it’s hard for me to keep a record, or anybody else, because we call in there and everything. They get pretty busy around there and if you don’t — if I don’t watch my step it’s pretty sensitive sometimes.’ That ended the dissertation or the question and answer insofar as the loss of wages were concerned. Now the testimony of the plaintiff then is contradicted by his own answers in the deposition. The owner of Big Dad didn’t have any records to reflect any particular work schedule, or the amount of earnings. She testified from memory. Whether these records were available, I don’t know. We have no way of knowing whether they kept records, but evidently he had not kept any records if he missed any work, and it is not clear that he did miss any work. In view of this conflict in the plaintiff’s testimony, the preponderance of the evidence has not been presented so far as loss of wages was concerned, and for that reason I am going to overrule the motion for a new trial.”
After reading the record, we agree with the district judge that plaintiff has not proven his case by a preponderance of the evidence as outlined in the Jordan case, supra. The instant case is distinguishable on its facts.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.